## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
Northern Division

KIKI LESLIE A. TIDWELL,
433 US Route 1, #213
York County, Maine  03909

       Plaintiff,

v.

O'HARA DEV QOZF LLC
10 E. North Avenue
Baltimore City, Maryland  21202

       SERVE ON:
       Joanna Bartholomew, Manager
       10 E. North Avenue  21202,

O'HARA DEVELOPMENT PARTNERS
 CDC, INC
10 E. North Avenue
Baltimore City, Maryland  21202

       SERVE ON:
       Joanna Bartholomew, Resident Agent
       10 E. North Avenue
       Baltimore, Maryland  21202, and

JOANNA BARTHOLOMEW
10 E. North Avenue
Baltimore City, Maryland  21202

       Defendants.

Civil Action No.

**TRIAL BY JURY DEMANDED**

## COMPLAINT

Plaintiff, Kiki Leslie A. Tidwell ("Plaintiff" or "Ms. Tidwell"), files this Complaint against

Defendants O'Hara Dev QOZF, LLC ("the Defendant LLC"), O'Hara Development Partners

CDC, Inc. ("the Defendant Corporation"), and Joanna Bartholomew ("Defendant Bartholomew"

or "Ms. Bartholomew"), and alleges as follows:

## Introduction

1.     Plaintiff brings this suit for Defendants' material misrepresentations in connection with Plaintiff's investment in the Defendant LLC.  The evidence will establish that Defendants are liable to Ms. Tidwell for: violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; common-law intentional misrepresentation; and/or common-law negligent misrepresentation.

## Jurisdiction and Venue

2.     Jurisdiction over Plaintiff's private right of action under federal securities law is conferred by 28 U.S.C. § 1331, as well as by 15 U.S.C. § 78aa.  Supplemental jurisdiction over Plaintiff's common-law claims is conferred by 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as all Defendants are residents of and/or headquartered in Baltimore City, Maryland.  In addition, a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in Maryland.

## Parties

4.     Ms. Tidwell is a resident of Maine.  She is an experienced investor in start-up "mission" enterprises such as the one at issue, which was engaged in housing redevelopment in a traditionally underserved area of Baltimore City.

5.     The Defendant LLC has its principal place of business in Baltimore City. Defendant Bartholomew is the Manager of the Defendant LLC.  Established as a Delaware limited liability company, the Defendant LLC has failed to register to do business in Maryland or to appoint a Maryland resident agent as Maryland law requires.

6.     The Defendant Corporation is a Maryland corporation with its principal place of business in Baltimore City.  The Chief Executive Officer of the Defendant Corporation is Defendant Bartholomew.

4916-6657-7037, v. 1                    2

7.    Defendant Bartholomew is a Maryland resident who regularly transacts business in Baltimore City.

## Factual Background

8.    In the spring of 2021, the Defendant LLC solicited investments under Regulation Crowdfunding, 17 C.F.R. § 227.100 *et seq.*, and Reg D, 17 C.F.R. § 230.500 *et seq.*  In May and June 2021, the Defendant LLC published an Investor Disclosure Packet ("the Disclosure").

9.    The Disclosure stated that the Defendant LLC was focused on the rehabilitation of two contiguous blocks of vacant row houses located on East 22nd Street in Baltimore City, within a federally certified "Opportunity Zone."

10.    Under the heading "About the Finances," the Disclosure represented that "the Sponsor [*i.e.*, Defendant Bartholomew] is contributing $275,000 in equity." The Disclosure further projected anticipated project costs of $4,662,000 that would be paid from three sources: bank financing of $2,787,000, "Sponsor equity" of $275,000, and investor equity of $1,600,000. That information was consistent with Exhibit A to the Disclosure, which showed a "capital structure" including $275,000 from "O'Hara Developments" of total equity of $4,662,000, sufficient to satisfy projected costs in the same amount.

11.    Under the heading "Indebtedness of the Company," the Disclosure represented that the Defendant LLC had no debt.

12.    Ms. Tidwell reviewed the Disclosure, taking particular note of Ms. Bartholomew's represented $275,000 equity investment and the representation that the LLC had not yet incurred any debt.  In deciding whether or not to invest, Ms. Tidwell considered it particularly important that Ms. Bartholomew was investing $275,000 in equity, as that meant that Ms. Bartholomew would have a considerable personal financial stake in the project, along with the outside investors

whom Defendants were soliciting.  But-for the representations concerning Ms. Bartholomew's $275,000 equity investment and the Defendant LLC not having any debt, Ms. Tidwell would not have invested in the Defendant LLC.

13.     Relying on those affirmative representations, Ms. Tidwell invested $50,000 on July 28, 2021 and an additional $12,000 on August 20, 2021.

14.     In the years following her investment, Ms. Tidwell repeatedly requested that Defendants provide financial information regarding the project.  Defendants did not do so in a timely manner.  Finally, in November 2024, Defendant Bartholomew provided a Project Summary revealing that, contrary to May-June 2021 Disclosure, the Defendant LLC a negative cash balance -- i.e., debt -- of $179,289 as of March 2021.

15.     Distressed by the November 2024 revelation that the Disclosure had contained a misrepresentation about debt, Ms. Tidwell followed up with Ms. Bartholomew after November 2024 about Ms. Bartholomew's $275,000 equity investment.

16.     After months of back and forth, Ms. Bartholomew reluctantly admitted in 2025 that she had not invested (or ever, evidently, intended to invest) $275,000 -- or, for that matter, *any* substantial monies -- in the project.  Defendants weakly asserted that Ms. Bartholomew's $275,000 contribution to the project's "capital structure" had all along been in the form of purported "sweat equity" or work.  Ms. Bartholomew has never explained, however, how or why that could logically be so, given that the documents she used to solicit investors like Ms. Tidwell showed the $275,000 equity investment as being exactly necessary to pay to the project's financial costs.  Simply put, "sweat equity" does not pay bills, and Defendants represented to Ms. Tidwell and other investors that Ms. Bartholomew's equity would be used to pay bills.  In sum, Defendants misrepresented to investors that Ms. Bartholomew's $275,000 equity contribution was going toward paying the

project's bills, when, in truth, she had not made, and evidently never intended to make, any financial contribution.

17.    Under Ms. Bartholomew's management, the project has failed miserably. The Defendant LLC has stated that it is closing without returning any portion of investments to investors like Ms. Tidwell. Thus, Ms. Tidwell has lost her entire investment -- an investment induced by misrepresentations.

## CAUSES OF ACTION

### Count I
### Section 10(b) and Rule 10b-5

18.    Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

19.    On information and belief, at all pertinent times, the Defendant LLC and the Defendant Corporation have been primarily owned and fully controlled by Defendant Bartholomew. The Defendant Corporation acted as the Developer of the project for which investments were solicited, and, through the knowledge of its principal Defendant Bartholomew, was on actual notice of all pertinent facts. Acting in concert, Defendants collectively published the Disclosure in May and June 2021. The Disclosure misrepresented that the project's capital structure included a $275,000 equity investment by Defendant Bartholomew. The Disclosure further represented that project had not yet incurred any debt.

20.    In addition to being highly material, those representation were false.

21.    Defendants knew that those representations were false, or made those representations with such a callous recklessness disregard to truth or falsity that knowledge of their falsity can be imputed to Defendants.

22.    Ms. Tidwell justifiably relied to her detriment on Defendants' misrepresentations.

Those misrepresentations induced and caused Ms. Tidwell to make her investment in the Defendant LLC.

23.    As the direct result of Defendants' misrepresentations, Ms. Tidwell has suffered damages including but not limited to the loss of her investment.

## Count II
## Common-law intentional misrepresentation

24.    Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

25.    Defendants falsely represented material facts to Ms. Tidwell.

26.    Defendants knew that those representations were false, or made those representations with such callous recklessness disregard to their truth or falsity that knowledge of the falsity can be imputed to Defendants. Thus, Defendants acted with a fraudulent intent as to investors including Ms. Tidwell.

27.    Defendants made their false representations for the purpose of inducing investors like Ms. Tidwell to invest in the project.

28.    Ms. Tidwell justifiably relied to her detriment on Defendants' representations. Those representations induced and caused Ms. Tidwell to make her investment in the Defendant LLC.

29.    As the direct result of Defendants' misrepresentations, Ms. Tidwell has suffered damages including but not limited to the loss of her investment.

## Count III
## Common-law negligent Misrepresentation

30.    Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

31. Defendants, owing a duty of care to Ms. Tidwell and other investors, negligently made misrepresentations to her.

32. Defendants knew and intended that Ms. Tidwell and other prospective investors would relied on Defendants' representations.

33. Ms. Tidwell justifiably relied on Defendants' misrepresentations, by investing $62,000 in the Defendant LLC.

34. As a result of Defendants' misrepresentations, Ms. Tidwell has suffered damages including by not limited to the loss of her investment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) Award Plaintiff compensatory damages against Defendants, jointly and severally;

(b) Award Plaintiff pre-judgment interest on her compensatory damages against Defendants, jointly and severally;

(c) Award Plaintiff punitive damages against Defendants, jointly and severally;

(d) Award Plaintiff her reasonable attorneys' fees and costs; and

(e) Award such other relief as the Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

[signature on next page]

4916-6657-7037, v. 1                                7

Dated: February 5, 2026

Respectfully submitted,

/s/ Geoffrey H. Genth
Geoffrey H. Genth (Federal Bar No. 08735)
KRAMON & GRAHAM, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
Telephone: (410) 752-6030
Facsimile: (410) 539-1269
ggenth@kg-law.com

*Counsel for Plaintiff, Kiki Leslie A. Tidwell*